UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY GENO MARTINSON,

    Plaintiff,

v.                              Case No.:   2:23-cv-439-SPC-KCD

CARTER, CASTEEL, MULLER
and JORDAN,

    Defendants.
                                 /

## OPINION AND ORDER

Plaintiff Anthony Geno Martinson commenced this civil-rights action as an inmate in Charlotte County Jail. (Doc. 1). On July 19, 2023, the Court dismissed Martinson's original complaint without prejudice and gave him leave to amend. (Doc. 16). A few days later, Martinson filed a "Motion to Withdraw," in which he voluntarily dismissed his complaint so he could correct "regulatory errors" before refiling. (Doc. 19). The Court acknowledged the dismissal, denied all pending motions as moot, entered judgment, and closed the case. (Docs. 20-21). Martinson then filed a notice of appeal. (Doc. 22). A few days later, he filed an amended complaint. (Doc. 24). Because Martinson's appeal is pending, the Court has not addressed his amended complaint.

On August 28, 2023, the Eleventh Circuit Court of Appeals notified Martinson that all appellate deadlines are tolled under Federal Rule of

Appellate Procedure 4(a)(4) until this Court resolves a pending tolling motion. (Doc. 26). Martinson—the only party who has appeared in this action—has not filed any motion of the types listed in Federal Rule of Appellate Procedure 4(a)(4)(A). Presumably, the Eleventh Circuit construes his post-judgment amended complaint as a motion for relief from judgment under Federal Rule of Civil Procedure 60.

Martinson has not explicitly asked this Court for relief from the judgment following his voluntary dismissal. He opted instead to appeal. Martinson's notice of appeal provides the only potential reason for Rule 60 relief:

> the filing of [Martinson's] motion to withdraw was sent prior to the court order to file an amended complaint. Plaintiff would not have have [sic] filed the motion to withdraw if he was aware of said order. Dismissal was a mistake.

(Doc. 22). Martinson does not explain why the Court's July 19, 2023 Order prompted him to change his mind about dismissing this action. And he has not shown that Rule 60(b) relief is appropriate here. Rule 60(b) does not provide a party relief from a tactical litigation decision it regrets. *See Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1310 (11th Cir. 2003); *see also Delgrego v. Taylor*, No. 4:11-cv-180-RH/WCS, 2012 WL 1365971, at *1 (N.D. Fla. Apr. 19, 2012) ("The task of managing the district's substantial volume of

prisoner cases is difficult enough without allowing a prisoner to abandon and then reinstate a claim for no reason other than a change of mind.").

Accordingly, the Court **DENIES** any request for relief from judgment—and any other post-judgment relief—implied by Martinson's Amended Complaint (Doc. 24). Martinson's voluntary dismissal was without prejudice, so he may, of course, commence a new action.

**DONE** and **ORDERED** in Fort Myers, Florida on September 1, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record